ALBERT W. ANDREWS & others *vs.* ALONZO V. R. PROUTY.

After the passage of *St.* 1865, *c.* 152, authorizing towns and cities to reimburse money paid for recruiting purposes, a town-meeting was called by warrant " to see if the town will raise money to reimburse individuals who have contributed money to fill quotas during the year eighteen hundred and sixty-four, in accordance with the act passed by the last legislature," and a vote was passed that the town raise a certain sum " to reimburse any and all persons who may have paid money for recruiting purposes for the town during the year 1864." *Held*, that this vote, taken in connection with the warrant, authorized the reimbursement only of sums paid for the purpose of filling quotas or furnishing men under requisitions or calls made in 1864, and did not extend to the reimbursement of sums paid in 1864 for men who enlisted under requisitions or calls made before that year.

BILL IN EQUITY by ten tax-payers of Boylston, against the treasurer of the town, praying for an injunction to restrain him from paying out moneys of the town for the reimbursement of sums paid by individuals for recruiting purposes.

It appeared at the hearing in this court, before *Colt*, J., that requisitions were duly made in the year 1864 upon the town of Boylston for soldiers for the army, under calls of the president or war department during that year; and that, after these requisitions were made known to the town officers, sums of money were contributed and paid over by various inhabitants of the town for the purpose of filling its quotas and furnishing men under said calls. The amount of sums so furnished was left to be ascertained by a master, if not agreed by the parties.

A town-meeting was called for June 5th 1865, and one article in the warrant was " to see if the town will raise money to reimburse individuals who have contributed money to fill quotas during the year 1864, in accordance with the act passed by the last legislature, or do anything respecting the same." At the meeting so called, the town voted " that the town raise the sum of $3272, to reimburse any and all persons who may have paid money for recruiting purposes for the town of Boylston during the year 1864." The plaintiffs alleged that the sum so voted was more than the amount paid by any and all persons for recruiting purposes in Boylston during the year 1864; and that the vote was illegal and void because it did not conform to *St.* 1865, *c.* 152, and was indefinite and uncertain.

The case was reserved for the determination of the whole court.

*G. F. Hoar & F. P. Goulding*, for the plaintiffs.

*E. Mellen*, for the defendant.

CHAPMAN, J. The article in the warrant of June 5, 1865, calling the town-meeting of the inhabitants of Boylston, was in terms properly limited. The purpose expressed did not extend beyond the reimbursement of money paid for recruiting purposes during the year 1864. This purpose was authorized by statute.

The vote passed at the town-meeting was less guarded in its

terms. Its purpose was to reimburse individuals who had con-tributed money to fill quotas during the year 1864 in accordance with the act passed by the last legislature. It is objected that the language of the vote looks to the date of payment, and not to the time when the consideration arose. This might be so were it not for the reference to the statute, and the language of the article in the warrant to which it must be understood to refer, in the absence of a clear implication to the contrary. The arti-cle under which a vote is passed will usually aid us in constru-ing the vote.

But if any money has in fact been raised for an unauthorized purpose, or if the defendant, as treasurer, is about to make any illegal appropriation of the money of the town as alleged in the bill, the plaintiffs may have a remedy, and the cause is to be committed to a master to ascertain and report the facts in con-formity with the agreement of the parties.